# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASNKU AYALNEH; SIMAGNE WEBEA; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> HILTON MISSION VALLEY; GREG COLE; AMY KONOPASEK, <br><br> Defendants. | CASE NO. 10-CV-2402 JLS (POR) <br><br> **ORDER: GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> (Doc. No. 11) |

On November 22, 2010, Plaintiffs filed a complaint against Defendants for, *inter alia*, employment discrimination in violation of Title VII of the Civil Rights Act of 1964. (Doc. No. 1.) The Court granted Plaintiffs' motion to proceed *in forma pauperis* on November 23, 2010 (Doc. No. 4), and summons was returned executed as to all Defendants on January 13, 2011 (Doc. Nos. 6–9.) Defendants moved to dismiss Plaintiffs' complaint on February 2, 2011. (Doc. No. 11.)

On February 3, 2011, the Court set a briefing schedule on Defendants' motion. (Doc. No. 13.) Pursuant to the briefing schedule, Plaintiffs' opposition to Defendants' motion was due by March 7, 2011. (*Id.*) On March 2, 2011, on Plaintiffs' motion, the Court extended Plaintiffs' time to respond to March 28, 2011. (Doc. No. 16.) On March 28, 2011, the Court denied Plaintiffs' second motion for extension of time, finding that Plaintiffs failed to demonstrate good cause for their request. (Doc. No. 19.) Two weeks have passed since then, and the Court has received no opposition—timely or untimely—to Defendants' motion.

"The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond." *Navarro v. Greenlight Fin. Servs.*, 2010 WL 4117444, at *1 (S.D. Cal. Oct. 19, 2010) (Anello, J.) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).  Under Civil Local Rule 7.1(f)(3)(c), "[i]f an opposing party fails to file the papers in the manner requested by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Rule 7.1(e)(2) requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen days prior to the noticed hearing, unless otherwise provided by court order.

Although public policy favors disposition of cases on their merits, *see, e.g.*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998), "a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12(b)(6) motion," *Navarro*, 2010 WL 4117444, at *2.  "Thus, this policy lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction." *Id.*  The public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the potential prejudice to Defendants all weigh in favor of dismissal. *See Ghazali*, 46 F.3d at 53.  The Court finds that dismissal of this action pursuant to Civil Local Rule 7.1(f)(3)(c) serves to vindicate these interests given that several cases on similar footing are currently pending before the Court and awaiting resolution.

Accordingly, Defendants' motion to dismiss is **GRANTED** pursuant to Civil Local Rule 7.1(f)(3)(c), and Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.  If Plaintiffs wish to continue litigating this case, Plaintiffs **SHALL FILE** an amended complaint addressing the deficiencies raised in Defendants' motion <u>within 21 days of the date that this Order is electronically docketed</u>.

**IT IS SO ORDERED.**

DATED: April 11, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge